IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                          Case No. 3:21-cr-00037 KGB

ENRIQUE PINA                                                                DEFENDANT

**ORDER**

Before the Court is defendant Enrique Pina's motion to sever or bifurcate trial (Dkt. No. 24). The United States filed a response in opposition (Dkt. No. 25). For the following reasons, the Court denies Mr. Pina's motion (Dkt. No. 24).

**I.     Background**

The following background information is taken from Mr. Pina's motion to sever or bifurcate and the United States' response (Dkt. Nos. 24–25). On June 26, 2021, officers with the Jonesboro Police Department recognized Mr. Pina outside of a Days Inn motel room (Dkt. No. 25, at 1). The officers, aware that Mr. Pina had outstanding warrants, made contact with him and took him into custody (*Id.*). Due to Mr. Pina having a search waiver on file, officers searched Room 262 at the Days Inn, which allegedly had been rented under Mr. Pina's name (*Id.*). Inside, officers located a fanny pack allegedly attributed to Mr. Pina by other occupants of the room (*Id.*). The fanny pack contained a Smith & Wesson revolver and a Medicaid letter addressed to Mr. Pina (*Id.*). Mr. Pina denies he possessed the firearm (Dkt. No. 24, ¶ 3).

Following this interaction with police, the United States charged Mr. Pina for allegedly violating 18 U.S.C. § 922(g)(1), the provision making it illegal for a person convicted of a crime punishable by more than a year of imprisonment to possess a firearm (Dkt. Nos. 24, ¶ 2; 25, at 1). The United States maintains that Mr. Pina was previously convicted of two such offenses in 2017

and 2018 – (1) possession of controlled substances with the purpose to deliver and (2) residential burglary (Dkt. No. 24, ¶ 2). On April 23, 2022, Mr. Pina filed the instant motion arguing that this Court should sever or bifurcate his trial relating to the current charge (*Id.*, ¶ 3).

In order to convict a defendant of violating § 922(g)(1), the United States must prove that: (1) the defendant was previously convicted of a crime punishable by imprisonment for a term exceeding one year; (2) the defendant knowingly possessed a firearm; (3) at the time the defendant knowingly possessed the firearm, the defendant knew that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; and (4) the firearm was transported across a state line at some time during or before the defendant's possession of it. *Eighth Circuit Manual of Model Jury Instructions* (Criminal) 6.18.922A (2017); *see also* 18 U.S.C. § 922(g)(1). Mr. Pina claims that "the sole disputed issue in this case" is whether he possessed a firearm (Dkt. No. 24, ¶ 3). He argues that this Court should bifurcate "the trial to allow the jury to consider only the issue of possession of the firearm, and then," following the jury finding Mr. Pina guilty of possession of a firearm, "allow the United States to then present its evidence on the prior convictions" (*Id.*, ¶ 5). Mr. Pina maintains proceeding otherwise would substantially prejudice the minds of the jurors once they are aware of his alleged prior convictions (*Id.*, ¶ 3). The United States disagrees and maintains that it should be permitted to present its case-in-chief as it sees fit, given the elements the United States is required to prove (Dkt. No. 25).

    **II.    Legal Standard**

Federal Rule of Evidence 403 allows the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of [among other things]. . . unfair prejudice." Under the Federal Rules of Civil Procedure, the Court may sever a claim against a party, consolidate an action, and order a separate trial for reasons such as avoiding undue prejudice.

Fed. R. Civ. P. 21, 42.  The Federal Rules of Criminal Procedure, by contrast, allow the Court to "order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  Fed. R. Crim. P. 14(a).  The Federal Rules of Criminal Procedure are silent on whether the Court can sever the elements of an offense.

Several circuits "have held that if a defendant is charged with being a felon-in-possession of a firearm, a district court does not have the power to instruct the jury to consider only the possession element of the offense."[1]  *United States v. Milton*, 52 F.3d 78, 80–81 (4th Cir. 1995) (abrogated on other grounds) (collecting cases and agreeing with five other circuits rejecting the idea that "felony" and "possession" elements of § 922(g) prosecutions can be considered separately by a jury).  The Eighth Circuit Court of Appeals endorsed the standard recognized in *Milton* in an unpublished opinion when it rejected the argument that a "district court erroneously denied [a defendant's] motion to bifurcate the jury's consideration of the 'possession' element of the crime from the 'felony' element."  *United States v. Hofmann*, 81 F.3d 166 (8th Cir. 1996) (unpublished).  In more recent decisions, other circuits have endorsed the principle that bifurcation of criminal elements in a felon-in-possession trial is improper.  *See, e.g., United States v. Fields*, 507 F. App'x 144, 147–48 (3d Cir. 2012) (determining that *Old Chief v. United States*, 519 U.S. 172 (1997), did not undermine or abrogate the Third Circuit's long-standing precedent that "bifurcation is not warranted where . . . the defendant stood trial on a single count of possession of a firearm by a

---

[1] Crimes under § 922(g)(1) are commonly referred to as "felon-in-possession" cases, as the felony element refers to § 922(g)(1)'s first element, that the government must show that the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. *See generally Burgess v. United States*, 553 U.S. 124, 130 (2008) (discussing 18 U.S.C. § 3359(a) and explaining that the term "felony" is commonly defined to mean a crime punishable by imprisonment for more than one year); Black's Law Dictionary 651 (8th ed. 2004) (defining "felony" as "[a] serious crime usu[ally] punishable by imprisonment for more than one year or by death").

convicted felon."); *United States v. Amante,* 418 F.3d 220, 225 (2d Cir. 2005) (internal quotations omitted) (granting mandamus relief because a "district court may not bifurcate the single offense of being a felon in possession of a firearm into multiple proceedings" and explaining that allowing "bifurcation of the trial" in a felon-in-possession context "improperly undermines 'the very foundation of the jury system.'").

### III.  Analysis

Despite the general consensus among the circuits that bifurcation of criminal elements in a felon-in-possession trial is improper, Mr. Pina requests that this Court "take a new look" at this issue (Dkt. No. 24, ¶ 4). Mr. Pina cites no case in which an appeals court reversed a district court's denial of a motion to bifurcate under these circumstances (*Id.*, at 1–2). The United States, relying on *Milton*, *Hofmann*, and several other authorities, argues that this Court "cannot sever the elements of the offense charged" (Dkt. No. 25, at 2). *See generally Hofmann*, 81 F.3d at 166 (unpublished); *see also Milton*, 52 F.3d at 80–81. The United States maintains that Mr. Pina "cites no compelling reason for this Court to take a 'new look'. . . ." at an issue the United States argues "has long been settled" (*Id.*).

As discussed above, "numerous courts have held that if a defendant is charged with being a felon-in-possession of a firearm, a district court does not have the power to instruct the jury to consider only the possession element of the offense." *Milton*, 52 F.3d at 80–81; *see also Hofmann*, 81 F.3d at 166 (unpublished). "These decisions are predicated on the notion that removing the prior felony element from the jury's consideration would be confusing to a jury inasmuch as simple possession of a firearm, without more, is not a crime." *Milton*, 52 F.3d at 81.

While it is true that the United States must accept a defendant's offer to stipulate to the existence of a prior felony conviction in felon-in-possession cases, it is not obliged nor is the Court

4

allowed to bifurcate elements of a crime. *United States v. Robertson*, 560 F. App'x 626, 629 (8th Cir. 2014) (explaining that in *Old Chief*, 519 U.S. at 191, "the Supreme Court held that the defendant's stipulation to a prior felony to establish his status as a felon, which was an element of the charged offense, was sufficient to preclude the Government from offering additional evidence on this point."); *see also Amante,* 418 F.3d at 225; *Hofmann*, 81 F.3d at 166 (unpublished); *Milton*, 52 F.3d at 80–81.

The question before this Court does not involve a defendant's offer to stipulate to a felony conviction. Rather, Mr. Pina seeks to have the Court conduct his trial in a way that, based on overwhelming persuasive authority, the Court should not permit. *See generally Fields*, 507 F. App'x at 147–48; *Amante,* 418 F.3d at 225; *Hofmann*, 81 F.3d at 166 (unpublished); *Milton*, 52 F.3d at 80–81. On the record before it, having considered the parties' filings, the Court declines Mr. Pina's request to take a "new look" at the issue of bifurcating the elements of a felon-in-possession charge and denies his motion to sever (Dkt. No. 24, ¶ 4).

### IV.  Conclusion

For the foregoing reasons, the Court denies Mr. Pina's motion to sever or bifurcate trial (Dkt. No. 24).

It is so ordered this 18th day of July, 2022.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge